In re Frank G. DeTONE, Jr. and Amy
R. DeTone, formerly known as
Amy R. Clark, Debtors.

Frank G. DeTone, Jr. and Amy R.
DeTone, formerly known as
Amy R. Clark, Movants,

v.

National City Mortgage Company,
Respondent.

Bankruptcy No. 00–26722–BM.
Motion No. 00–6352M.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 29, 2001.

Charles O. Zebley, Jr., Uniontown, PA,
for debtors.

P. William Bercik, Pittsburgh, PA, for
National City Mortgage Co.

Robert H. Slone, Mahady & Mahady,
Greensburg, PA.

Office of United States Trustee, Pittsburgh, PA.

**Motion For Determination
Of Secured Status**

BERNARD MARKOVITZ, Bankruptcy
Judge.

### *MEMORANDUM OPINION*

Debtors seek a determination that National City Mortgage Company ("NCM")
may not charge them the full amount of
attorney's fees it allegedly incurred in
bringing a motion for relief from stay as a
requirement of curing a default of their
residential mortgage. Act 6 of 1974, debtors assert, limits NCM to charging them

only $50.00 for attorney's fees it incurred in bringing the motion.

NCM insists that Act 6 does not so limit its right to charge the full amount of the attorney's fees it incurred as a requirement of debtors' curing the default of their residential mortgage.

We conclude, for reasons set forth below, that Act 6 limits NCM to charging only $50.00 as a requirement of debtors curing the default of their residential mortgage.

## – FACTS –

Debtors executed a note in the amount of $32,000.00 in favor of NCM on September 4, 1996. As security for the loan, debtors also executed a first mortgage in favor of NCM against their personal residence.

Prior to July 31, 2000, debtors defaulted on their obligations to NCM under the note and mortgage.

Debtors received combined Act 6 and Act 91 notices from NCM on July 31, 2000, notifying debtors that they had defaulted, setting forth the amounts required to cure the default, and informing debtors of their rights under Act 6 and Act 91.

NCM had not initiated any foreclosure or other legal proceeding against debtors by August 20, 2000, when debtors filed a voluntary joint chapter 7 petition.

The schedules accompanying the bankruptcy petition listed debtors' personal residence as an estate asset with a declared value of $38,000.00. NCM was listed as having an undisputed secured claim in the amount of $32,500.00 arising out of its first mortgage against the residence. Another creditor was listed as having a second mortgage against the residence in the amount of $17,583.43. According to the schedules, the secured claims against the residence exceeded its value by approximately $12,100.00.

NCM brought a motion for relief from stay on September 20, 2000. In support of its motion NCM averred that debtors had not made any mortgage payments since February of 2000 and that the mortgage arrears at the time of the bankruptcy filing totaled $1,645.00. NCM maintained that it was entitled to relief from the automatic stay for cause because debtors had no equity in the property and had not made the required post-petition mortgage payment for September of 2000.

A hearing on NCM's motion was held on October 10, 2000, at the conclusion of which we issued an order consented to by NCM and debtors. NCM agreed to withdraw its motion for relief from stay. Debtors in turn agreed to cure the mortgage arrearages and to pay the sum of $1,645.08 to NCM by October 20, 2000. They further agreed to pay NCM the sum of $264.35 beginning on November 20, 2000, and on the twentieth of every month thereafter until their bankruptcy case was closed. Finally, NCM agreed to provide debtors with an "itemized restatement amount".

NCM subsequently advised debtors that a total of $1,054.56 was required to "reinstate" the mortgage. Included in this amount was a total of $624.95 in attorney's fees NCM had incurred in pursuing the above motion for relief from stay.

Shortly thereafter, debtors brought what they denominated as a "motion to determine secured status", wherein they sought a determination that Act 6 allowed NCM to collect only $50.00 in attorney's fees, not $624.95, before "reinstating" the mortgage.

A hearing on debtors' motion and NCM's opposition thereto was conducted

on March 30, 2001, after the parties had submitted a joint stipulation of facts.

## – DISCUSSION –

It is not disputed that Act 6 of 1974, 41 P.S. §§ 101 *et seq.*, applies to the present controversy. At issue here are attorney's fees charged for "reinstating" a residential mortgage in a bona fide principal amount of $50,000.00 or less, which is secured by a lien upon real property located in Pennsylvania containing two or fewer residential units. P.S. §§ 101.

Debtors, we have noted, are in default of their residential mortgage in favor of NCM. Up to three times a year, a residential mortgage debtor may cure a mortgage default upon making certain payments and performing certain obligations. Among other things, the mortgage debtor is required to pay any reasonable fees allowed under § 406 of Act 6. 41 P.S. § 404(b)(3).

Section 406 of Act 6 provides in pertinent part as follows:

> With regard to residential mortgages, no residential mortgage lender shall ... receive attorney's fees from a residential mortgage debtor except as follows: ...
>
> (2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.
>
> (3) Prior to commencement of foreclosure or other legal action attorney's fees which are reasonable and actually incurred not in excess of fifty dollars ($50) ....

41 P.S. § 406.

NCM may, in other words, charge debtors reasonable and actual attorney's fees it incurred in bringing a mortgage foreclosure or "other legal action" with respect to

the mortgage. It also may charge debtors up to $50.00 in reasonable and actual attorney's fees it incurred prior to bringing a mortgage foreclosure or "other legal action".

NCM had not brought a mortgage foreclosure action or any other legal action against debtors before they filed their bankruptcy petition. Once debtors filed the petition, NCM was prohibited by the automatic stay from bringing a mortgage foreclosure action without first obtaining relief from the automatic stay. The only action NCM took was to bring a motion in this bankruptcy case for relief from the automatic stay, which eventuated in the above consent order of October 10, 2000.

The issue that must be resolved in this instance is whether a residential mortgage lender which is subject to the provisions of Act 6 may, in accordance with § 406(2) of Act 6, charge and collect attorney's fees incurred in connection with a motion for relief for stay it brought in a bankruptcy case. Does a motion for relief from stay, in other words, qualify as an "other legal action" for purposes of § 406(2)?

Debtors maintain that such a motion does not so qualify and insist that NCM consequently may not charge them for reasonable and actual attorney's fees it incurred in connection therewith as a requirement for "reinstating"—i.e., curing—the default on their mortgage.

NCM, by contrast, maintains that a motion for relief from stay qualifies as an "other legal action" for purposes of § 406(2) and insists that it therefore may charge debtors for reasonable and actual attorney's fees it incurred in connection therewith as a requirement for curing the default on debtors' mortgage.

Except perhaps for the observation that, in common parlance, a motion for relief from stay is a "legal action" and unques-

tionably is "other" than a foreclosure action, NCM has offered nothing in support of its position.

Debtors, on the other hand, have cited to *In re Schwartz*, 68 B.R. 376 (Bankr. E.D.Pa.1986) as authority for the proposition that a motion for relief from stay does not qualify as an "other legal action" for purposes of § 406(2).

■ We have reviewed in *In re Schwartz* with care and find it well reasoned and persuasive. Accordingly, even though its conclusion at first blush appears counterintuitive, we adopts its reasoning here and conclude that a motion for relief from stay does **not** qualify as an "other legal action" for purposes of § 406(2). *In re Schwartz*, 68 B.R. at 384. The phrase encompasses only the different forms of legal action **under state law** which a mortgage lender may utilize to enforce its rights against the mortgagor.[1]

Because NCM has commenced neither a foreclosure action nor any "other legal action" for purposes of Act 6, it follows that NCM may not, as a requirement to curing the mortgage, charge debtors the full amount of the attorney's fees NCM incurred in bringing its motion for relief from stay. NCM may charge debtors only $50.00 in accordance with § 406(2) of Act 6.

An appropriate order shall issue.

### *ORDER OF COURT*

**AND NOW** at Pittsburgh this **29th** day of **May**, 2001, in accordance with the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DE-**

**CREED** that National City Mortgage Company **MAY NOT** charge debtors attorney's fees in excess of $50.00 to reinstate debtors' mortgage.

It is **SO ORDERED.**

ploy to enforce its rights under the mortgage. *Bennett v. Seave*, 520 Pa. 431, 442, n. 4, 554 A.2d 886, 891 n. 4 (1989). Strictly speaking, a motion for relief from stay is not a form of action a mortgagee may employ to **enforce** its rights under the mortgage.

---

**1.** It is perhaps worth noting that the Supreme Court of Pennsylvania has indicated, albeit parenthetically, that it agrees with the conclusion of *In re Schwartz* that the term "other legal action" occurring in Act 6 refers to the other forms of action a mortgagee may em-